Singh v. Garland

BIA
Factor, IJ
A208 927 626

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> PIERRE N. LEVAL,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

SHARNDEEP SINGH,
> *Petitioner,*

v.                                                          **21-6145**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Richard W. Chen, Esq., New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant
                             Attorney General; Nancy E. Friedman, Senior
                             Litigation Counsel; Andrew Oliveira, Trial
                             Attorney, Office of Immigration Litigation,
                             United States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sharndeep Singh, a native and citizen of India, seeks review of a February 11, 2021, decision of the BIA affirming a March 21, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sharndeep Singh*, No. A208 927 626 (B.I.A. Feb. 11, 2021), *aff'g* No. A208 927 626 (Immig. Ct. N.Y. City Mar. 21, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA, i.e., without the alternative internal relocation finding that the BIA declined to reach, but including the BIA's additional discussion of Singh's CAT claim, and

2

all of the grounds for the IJ's adverse credibility determination.[1]  *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing grounds not "explicitly discussed by the BIA," but not rejected (quotation marks omitted)); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005) (reviewing IJ's decision "as modified by the BIA's decision"); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) (reviewing IJ's decision "as supplemented by the BIA").  We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, and we review questions of law and the application of fact to law *de novo*.  *Hong Fei Gao*, 891 F.3d at 76.  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

> Congress has specified how a credibility determination can be made:
>
> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

---

[1] Singh's challenges to the internal relocation finding are therefore misplaced.

3

8 U.S.C. § 1158(b)(1)(B)(iii). "'We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.'" *Hong Fei Gao,* 891 F.3d at 76 (quoting *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)). Substantial evidence supports the IJ's finding that Singh was not credible as to his claim that he was threatened and beaten by members of opposing political parties in India because of his support for the Shiromani Akali Dal Mann Party ("Mann Party").

First, the IJ reasonably relied on Singh's demeanor, noting that he was nonresponsive and evasive on cross-examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We generally defer to such findings because an IJ is "in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005).

Second, the IJ reasonably relied on an inconsistency between Singh's testimony and his neighbor's affidavit as to whether the neighbor witnessed his assaults. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The neighbor affirmed that he witnessed Singh being threatened, and that he had learned from Singh's family that Singh

4

was subsequently assaulted on two occasions. But Singh testified that the neighbor either witnessed both assaults or the threat and one assault. Singh's explanation—that his neighbor recorded his account through an interpreter—did not compel the IJ to accept that explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citation and internal quotation marks omitted)). We have cautioned against giving undue weight to an applicant's failure to explain omissions from a third-party statement where those omissions do not create an inconsistency with the applicant's account. *Hong Fei Gao*, 891 F.3d at 81. But here, Singh's neighbor's statement contradicted Singh's testimony about the basis for the neighbor's knowledge of the assault.

Third, the IJ reasonably relied on an inconsistency regarding the year Singh was assaulted. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Despite testifying that he left India in February 2016, Singh repeatedly testified on direct examination that he was assaulted and threatened in India in November and December 2016. Then, on cross-examination, he stated that he was harmed in 2015, which was consistent with his initial interview and application. The agency was not required to accept

5

Singh's explanation that he misspoke because he was nervous. *See Majidi*, 430 F.3d at 80–81; *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to which of competing inferences to draw are entirely within the province of the [IJ]." (alteration, citation and internal quotation marks omitted)). Although this discrepancy would not, in itself, provide substantial evidence for an adverse credibility determination, the agency properly considered the "cumulative effect" of this testimony with its other findings. *Xiu Xia Lin*, 534 F.3d at 167 (holding that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

Fourth, the IJ reasonably relied on Singh's omission from his original written statement of one of the two alleged assaults. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In his original statement, Singh described an incident when armed supporters of rival parties surrounded him and threatened him and an incident when a group of rival party supporters beat him with sticks. In his supplemental statement, he added that rival party supporters also assaulted him between those two incidents. Singh gave shifting explanations for this omission. In his supplemental statement, he said that the contents of his original statement

6

were not read to him in a language he understood, and he was not aware that the incident had been omitted. But at his hearing, he said that he had been reluctant to reveal this assault—which differed from the subsequent assault because his assailants tore off clothes—to his brother, who either prepared the statement or arranged for someone to prepare it. The agency was not required to credit these contradictory explanations. *See Majidi*, 430 F.3d at 80.

Finally, Singh argues that the agency overlooked or gave too little weight to country conditions evidence that confirmed the plausibility of his account. But "we presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006), and we do not require the agency to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (citation and internal quotation marks omitted). The record does not compel the conclusion that the IJ ignored country conditions evidence, particularly as the IJ noted that this evidence was in the record and stated that all evidence had been considered, even if not explicitly discussed.

Considered cumulatively, the demeanor and inconsistency findings provide

7

substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167. Because Singh's claims for asylum, withholding of removal, and CAT relief all rested on the same factual predicate, the adverse credibility determination was dispositive. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court